IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

ISAAC KULU KAPUA,                                    Case No.: 20-10538-JCO
                                                     Chapter 13
    *Debtor*.

MEMORANDUM OPINION AND ORDER
OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION

This matter came before the Court on the Chapter 13 Trustee's Objection to Confirmation (the "Trustee's Objection")(Doc.29) and the Debtor's Response thereto (Doc. 30). Appearances were noted by Attorney Stephen Klimjack for the Debtor, Isaac Kapua ("Kapua"), Attorney Christopher Conte as counsel for the Trustee and Daniel B. O'Brien, the Chapter 13 Trustee. Having considered the record, pleadings, briefs and arguments of counsel, the Court finds that the Trustee's Objection is due to be and is hereby OVERRULED for the reasons set forth below.

FINDINGS OF FACT

The Chapter 13 Trustee objected to confirmation of the Debtor's plan proposing to retain a 2019 Toyota Camry (the "Camry") with payments exceeding the applicable IRS Standard (the "IRS Standard"). Specifically, the Debtor's plan carves out payments to the lienholder of $760.00 per month (the "Specified Payment") while the IRS Standard only allows $508.00 per month for vehicle ownership expense. (Doc. 1 at 14). Kapua is an above median income Debtor and his amended plan (the "Plan")(Doc. 24) surrenders a 2013 Volvo 560 and a 2015 Buick Regal and

1

seeks to keep the Camry as his sole automobile. The Debtor's contractual obligation to the lienholder requires monthly payments of $617.77 (the "Contractual Payment").(ECF Claim 3-1). Since the Plan contemplates no distribution to unsecured creditors, the Trustee submits that surrendering the Camry and finding more affordable transportation would yield increased disposable income and thereby be in the best interest of the Debtor, Estate and all creditors. Debtor's counsel concedes to reducing the Specified Payment initially proposed in the Plan to the Contractual Payment but maintains that the Debtor should be allowed to deduct the Contractual Payments for sixty months from disposable income even though such amount exceeds the IRS Standard.

## ANALYSIS

The court may not approve a debtor's chapter 13 plan over the Trustee's objection, unless it provides for all the debtor's projected disposable income to be applied toward payment to unsecured creditors. 11 U.S.C. §1325 (b)(1)(B). Disposable income is defined as current monthly income received by the debtor less amounts reasonably necessary to be expended for the maintenance or support of the debtor. 11 U.S.C. §1325(b)(2). In cases involving above median income debtors, subparagraph (A) of Section 707(b)(2) delineates expenses which may be categorized as "reasonably necessary to be expended" and thereby deducted from disposable income. *See* 11 U.S.C §1325(b)(3). The statutory language provides in pertinent part:

> **(iii)** The debtor's average monthly payments on account of secured debts shall be calculated as the sum of--
> **(I)** the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the filing of the petition; and
> **(II)** any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts; divided by 60.

2

11 U.S.C.§707 (b)(2)(A)(iii).

Upon navigating the provisions of Section 707, many courts have arrived at a finding that Section 707(b)(2)(A)(i)-(iii)(1) allows debtors to deduct amounts contractually due to secured creditors to maintain possession of a primary residence, motor vehicle or other property necessary for the support of the debtor and the debtor's dependents regardless of whether the payment exceeds the IRS Standard. *In re Arndt*, 2017 WL 5164141 (Bankr. N.D. Ohio Nov. 6, 2017)(indicating this is the majority approach and citing a litany of cases in support thereof). Further, courts adopting this approach have noted the plain language of the statute, " . . . literally requires that all payments due to secured creditors during the relevant period be deducted." *In re Plichta*, 589 B.R. 794 (Bankr. N.D. Ill. 2018)(citing *Collier On Bankruptcy*, ¶707.04[3][c][ii] at 707-39 (Richard Levin & Henry J. Sommer eds. 16th ed.).

Such interpretation is consistent with Judge Callaway's *In re Green* decision in this district. No. 17-1993-HAC (Bankr. S.D. Ala. December 28, 2017). In *Green*, Judge Callaway held that the debtor could deduct his combined mortgage debt payments although they exceeded the IRS standard amount. The opinion explained that because secured debts are addressed in Section 707(b)(2)(A)(iii), the IRS Standards are not applicable to those payments and serve as neither a minimum nor a cap on the deduction the debtor may take for secured debt payments. *Id.* at 2. (c*iting*, *In re Fields*, 534 B.R. 126 (Bankr. E.D. N.C. 2015); *In re Witcher*, 702 F. 3d 619 (11th Cir. 2012); *In re Johnson*, 346 B.R. 256 (S.D. Ga. 2006)).

The Trustee offered the United States Supreme Court's opinion of *Ransom v. FIA Card Services*, N.A., 562 U.S. 61 (2011) and the local decision of *In re Kidd*, No. 17-747-HAC, Doc. 37(Bankr. S.D. Ala. July 7, 2017), in support of his position; however, this Court does not find either decision dispositive of the issue in this case. The Trustee seemingly relies on a snippet of

3

text from *Ransom* stating " . . . if the debtor's actual expenses exceed the amounts listed in the tables, for example, the debtor may claim an allowance only for the specified sum, rather than the real expenditure." *Ransom* at 75. While at first glance, such language might seem to support the Trustee's position, upon analysis of the *Ransom* Opinion in its entirety, it is noteworthy that the Debtor sought to claim a deduction of the IRS standard vehicle expense even though he owned his vehicle free and clear. The Supreme Court held that a debtor who does not make loan or lease payments may not take the car-ownership deduction in calculating his disposable income. *Ransom* at 80. The fact scenario in *Ransom* is distinguishable from the case before this Court because Kapua *does* make loan payments, as he owes a substantial debt on his automobile. Additionally, the issue presented is materially different because in *Ransom* the debtor sought to deduct an expense he did not have, while in this case Kapua seeks to pay his contractual obligation.

Moreover, the excerpt cited by the Trustee was not necessary to the issues presented or the decision reached in *Ransom*. Extraneous commentary by a court is merely *dicta* with no precedential authority. *Vines v. United States,* 28 F.3d 1123, 1128 n.8 (11th Cir.1994)(citing *New Port Largo, Inc. v. Monroe County,* 985 F.2d 1488, 1500 (11th Cir. 1993) (Edmondson, J., specially concurring) ("[T]here should be a presumption that judges mean to do no more than to decide the case before them.... [F]or law-of-the-circuit purposes, ... every ... precedent ... ought to focus far more on the judicial decision than on the judicial opinion." (footnotes omitted)), *cert. denied,* 510 U.S. 964, 114 S. Ct. 439, 126 L.Ed.2d 373 (1993). Accordingly, this Court does not deem it appropriate to enlarge the *Ransom* ruling or construe dicta therein as binding authority on an issue that was not ruled upon.

Likewise, *In re Kidd* cited by the Trustee in support of his Objection to Confirmation, is not binding on the Court's decision in this case. Although the facts as well as the issue in this case are similar to those of *Kidd*, this Court regards the ruling in *Kidd* as obsolete. Specifically, Judge Callaway particularly referenced his prior *Kidd* decision in his subsequent *Green* opinion, acknowledged the conflict between the two holdings and indicated that going forward he would apply the analysis set forth in *Green*. *Green* at 4.

This Court agrees with Judge Callaway and the cases applying Section 707 to allow Debtors to deduct contractual secured debt payments necessary for their maintenance and support from disposable income, even if the payment(s) exceed the IRS Standard and finds such rationale germane to the facts of this case. Although the secured debt in *Green* involved mortgages, Judge Callaway indicated he would apply the same analysis to secured debt on a vehicle. Likewise, this Court deems 11 U.S.C.§707 (b)(2)(A)(iii) applicable in either context. Further, the Court notes that such interpretation is also consistent with Official Form 122 C-2 providing the mechanism for calculation of the debtor's disposable income. Hence, the Court finds that Section 707(b)(2)(A)(iii) allows debtors to deduct contractual payments on secured debt without regard to the IRS Standard. Notwithstanding the forgoing, that is not to say that debtors are given carte blanche to retain vehicles when other well-founded basis to object to retention of the vehicle or the proposed plan exists. However, under the facts of this case, retention of one vehicle is necessary for the support and maintenance of the Debtor, the Court does not consider the Camry to be a luxury item and the Trustee has not alleged a lack of good faith or any other basis to object to confirmation of the Debtor's plan which has not herein been addressed.

CONCLUSION

For the reasons noted above, this Court finds that Section 707(b)(2)(A)(iii) permits debtors to pay amounts due to secured creditors to maintain possession of a primary residence, motor vehicle or other property necessary for the support of the debtor and the debtor's dependents regardless of whether the payment(s) exceed the IRS Standard. Thus, the Court hereby OVERRULES the Trustee's Objection to Confirmation and deems Kapua's contractual payment of $617.77 per month an allowable deduction from disposable income in accordance with Section 707(b)(2)(A)(iii). Accordingly, Debtor's counsel is directed to file an amended plan consistent herewith.

Dated: December 14, 2020

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE